UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAMERON H.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C19-5303 BAT

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff appeals the denial of his application for Disability Insurance Benefits for the period of July 14, 2007 through August 31, 2013. He contends the ALJ erred by discounting plaintiff's testimony, misevaluating the medical opinion evidence, and misevaluating lay witness testimony for the closed period. Dkt. 13. As a result, he further argues the ALJ's residual functional capacity ("RFC") determination and step-five findings were erroneous. *Id.* The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

**BACKGROUND**

This is the fourth time this matter comes before the Court for judicial review of an administrative decision. *See Hartwell v. Colvin*, No. C16-5650-BAT (W.D. Wash. Apr. 4, 2017); *Hartwell v. Colvin*, No. C13-6004-BJR-KLS (W.D. Wash. Oct. 3, 2014) *adopted by Hartwell v. Colvin*, No. C13-6004-BJR, 2014 WL 6071422 (W.D. Wash. Nov. 13, 2014); *Hartwell v. Astrue*,

No. C10-5660-RAJ-JPD (W.D. Wash. June 21, 2011) *adopted by* C10-5660-RAJ (W.D. Wash. July 14, 2011). In 2017, the Court reversed the third ALJ decision and provided detailed instructions about the scope of remand:

> On remand, the ALJ should shall reevaluate Dr. Peterson's and Mr. Zerger's 2006 and 2007 assessments; Dr. Packer's July 8, 2007 opinion; Dr. Thomas's March 24, 2009 opinion that Mr. Hartwell is limited to sedentary work; Ms. Miller's October 25, 2007 and April 16, 2008 opinions that Mr. Hartwell is limited to sedentary work; Ms. Biggerstaff's April 2010 opinion that [plaintiff] is limited to sedentary work; and Ms. Atkins-Hartwell's testimony that [plaintiff] had difficulty standing and sitting, needed to lie down to relieve pain, and he could not stretch. These reevaluations must take into consideration the fact that evidence pre-dating the alleged onset date is generally of limited relevance. After reevaluating the medical opinion evidence, the ALJ shall, as necessary, also reevaluate [plaintiff's] RFC and the remaining steps of the five-step evaluation process.

Tr. 1836–37. The Court affirmed the ALJ's evaluation of the other medical evidence and of plaintiff's testimony. *See* Tr. 1809–37. The ALJ conducted a fourth hearing and, once again, found plaintiff not disabled for the relevant period in a December 2018 decision. Tr. 1662–84; 1730–74. This appeal followed.

Because plaintiff was previously found to be disabled as of September 1, 2013, the ALJ's decision concerned the relevant period of July 14, 2007 to August 31, 2013. Tr. 1662. Utilizing the five-step disability evaluation process, the ALJ found that plaintiff met the insured status requirements through December 31, 2011; he had not engaged in substantial gainful activity since the amended alleged onset date of July 14, 2007; and that he had the severe impairments of degenerative disc disease, epicondylitis of the right elbow, and left shoulder impingement. Tr. 1665. The ALJ found that plaintiff had the RFC to perform light work, except he could never climb ladders, ropes, or scaffolds; he could occasionally climb ramps and stairs; he could occasionally stoop, kneel, crouch, and crawl; he could perform no overhead reaching with the

left, non-dominant upper extremity; he could perform no more than frequent rotation, extension, and flexion of the neck; and he required a sit/stand alternative, defined as the ability to change position after 30 to 60 minutes, for 3 to 5 minutes, while remaining on task. Tr. 1669. At step four, the ALJ found that plaintiff could not perform his past relevant work as a door maker and a sales attendant for building materials. Tr. 1682. At step five, the ALJ found that jobs existed in significant numbers in the national economy that plaintiff could perform. Tr. 1682–83. The ALJ therefore found plaintiff not disabled during the period at issue from July 14, 2007 through August 31, 2013. Tr. 1683–84.

## DISCUSSION

The Court previously determined that the ALJ committed no harmful error by discounting plaintiff's testimony and by giving little weight to the March 2007 opinion of Bud Zunino, A.R.N.P., to the November 2009 opinion of Gregory Dorris, Psy. D., and to the March 2011 and December 2012 opinions of Mary Ellen Biggerstaff, A.R.N.P. Tr. 1812–33. Under the law of the case doctrine, the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case. *See, e.g., United States v. Lewis*, 611 F.3d 1172, 1179 (9th Cir. 2010). Because plaintiff has offered no reason to upset the Court's decision or the ALJ's on remand, the Court rejects plaintiff's challenge to the ALJ's evaluation of plaintiff's testimony, and to the March 2007 opinion of Mr. Zunino, to the November 2009 opinion of Dr. Dorris, and to the March 2011 and December 2012 opinions of Ms. Biggerstaff. *See* Dkt. 13, at 3–4, 9–15. Moreover, plaintiff's counsel has pasted into his current brief the same argument made in the earlier appeal regarding the May 2010 opinion of Stephen W. Snow, M.D. *Compare* Dkt. 13, at 9, *with Hartwell v. Colvin*, No. C16-5650-BAT, Dkt. 18, at 9–10. As before, counsel did not indicate how the ALJ erred; rather, he summarized Dr. Snow's findings before asserting

that the evidence supported plaintiff's left-arm limitations. *Id.* And, as before, the Court finds that any argument concerning the ALJ's treatment of Dr. Snow's opinion has been waived as unsupported. *See* Tr. 1825; *Avila v. Astrue*, No. C07-1331, 2008 WL 4104300 (E.D. Cal. Sept. 2, 2008) at *2 (unpublished opinion) (*citing Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue)). Plaintiff has not substantively challenged the reevaluation of the pre-alleged onset date opinions of William Peterson, M.D., Brian Zerger, PA-C, and Brent Packer, M.D. *See* Dkt. 13; Dkt. 15; Tr. 1836. The Court therefore finds that plaintiff has waived any challenges to the ALJ's treatment of the opinions of Dr. Peterson, Mr. Zerger, and Dr. Packer.

The issues within the scope of remand that plaintiff challenges concern the ALJ's reevaluation of medical evidence and lay testimony. Plaintiff challenges the ALJ's reassessment on remand of: (1) the March 2009 opinion of examining physician Eric Thomas, D.O.; (2) October 2007 and April 2008 opinions of Judy Miller, A.R.N.P.; (3) the April 2010 opinion of Mary Ellen Biggerstaff, A.R.N.P.; and (4) the lay testimony by plaintiff's ex-wife Melinda Atkins-Hartwell. Plaintiff also challenges the ALJ's consequent RFC assessment and step-five evaluation. The Court finds that plaintiff has failed to demonstrate that the ALJ's interpretation of the medical or testimonial evidence was unreasonable, unsupported by substantial evidence, or based on harmful legal error. *See Molina v. Astrue*, 674 F.3d 1104, 1110–11 (9th Cir. 2012); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Plaintiff consequently has failed to demonstrate that the ALJ erroneously assessed RFC or committed step-five error.

**1. Eric Thomas, D.O.**

The Court directed the ALJ to reevaluate Dr. Thomas's March 24, 2009 examining opinion that plaintiff was limited to sedentary work because it was harmful error to have

discounted Dr. Thomas's opinion on the basis that a sedentary restriction was inconsistent with plaintiff's ability to move his neck, bend at the waist, and move his upper extremities.[1] Tr. 1822–25. Plaintiff argues that on remand the ALJ failed to cite specific and legitimate reasons for rejecting Dr. Thomas's examining opinion that plaintiff was limited to sedentary work. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The Court disagrees.

The ALJ gave little weight to Dr. Thomas's conclusion that plaintiff was limited to sedentary work, Tr. 405–08, because (1) it was inconsistent with Dr. Thomas's concurrent opinion that plaintiff had moderate limitations; and (2) it was inconsistent with other medical evidence of full strength and of a normal gait. Tr. 1679 (citing Tr. 373, 388, 391, 427, 671, 674, 734, 736, 738, 740, 1439, 1441). The contradiction between Dr. Thomas's conclusion of a sedentary restriction and his own observation that plaintiff's limitations were "moderate" in severity, Tr. 407, as well as the inconsistency between a sedentary restriction and extensive, unremarkable examination findings regarding strength and gait, both constitute specific and legitimate reasons to discount Dr. Thomas's March 2009 opinion. *See* 20 C.F.R. §§ 404.1527(c)(3)–(4); *Valentine v. Commissioner SSA*, 574 F.3d 685, 692–93 (9th Cir. 2009) (internal inconsistencies); *Morgan v. Commissioner of SSA*, 169 F.3d 595, 601 (9th Cir. 1999) (inconsistency with the medical record). Plaintiff has presented no evidence or argumentation that undermines the ALJ's reasonable inferences.

The Court finds that the ALJ did not harmfully err as a matter of fact or law in discounting Dr. Thomas's March 2009 examining opinion.

---

[11] The Court found that plaintiff had failed to demonstrate harmful error by discounting Dr. Thomas's opinion regarding postural limitations because Dr. Thomas had failed to describe the severity of those restrictions. Tr. 1824.

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION
AND DISMISSING THE CASE WITH PREJUDICE - 5

### 2. Judy Miller, A.R.N.P.

The Court directed the ALJ to reevaluate Ms. Miller's October 25, 2007 and April 16, 2008 opinions that plaintiff was limited to sedentary work because it was harmful error to have concluded that Ms. Miller had relied on plaintiff's subjective statements without regard to objective medical evidence given Ms. Miller's explicit references to MRI and x-ray scans.[2] Tr. 1829–30. Plaintiff contends that the ALJ failed to give germane reasons for giving little weight on remand to Ms. Miller's October 2007 and April 2008 opinions. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The Court disagrees.

The ALJ gave little weight to Ms. Miller's October 2007 and April 2008 opinions for at least two germane reasons: (1) the sedentary restriction was inconsistent with Ms. Miller's contemporaneous observations about the severity of plaintiff's limitations; (2) the opined sedentary restriction was undermined in part by plaintiff's unreliability as an accurate historian of symptoms and his narcotic-seeking behavior. Tr. 1678. First, the ALJ noted that although in October 2007 plaintiff had decreased range of motion in the back and neck and some back pain, he remained ambulatory and in no acute distress. Tr. 1678 (citing Tr. 382). Similarly, the ALJ observed that although plaintiff had diminished sensation in the digits of the left hand with slightly diminished sensation in the left forearm, he maintained full strength and normal range of motion in the upper extremities. Tr. 1678 (citing Tr. 382). Moreover, on physical exam, despite certain range-of-motion restrictions, plaintiff was able to flex within six inches of the floor, maintained full strength, was able to reach behind his back without difficulty, and was able to reach across and touch the opposite shoulder without difficulty; and there were no signs of

---

[2] The Court found that the ALJ had not harmfully erred by discounting Ms. Miller's opined postural limitations. Tr. 1830.

neurological deficits to support left-leg numbness and no electrodiagnostic testing to support his complaints. Tr. 1678–79 (citing Tr. 371, 373). Second, the ALJ noted that Ms. Miller appeared to base her April 2008 opinion of a sedentary limitation largely on plaintiff's self-reports though plaintiff gave unreliable statements and had shown narcotic-seeking behavior, that plaintiff admitted to moderate relief of pain from physical therapy, and only five months later Ms. Miller denied plaintiff Vicodin refills because he had not provided a urine sample for a drug screen. Tr. 1678–79 (citing Tr. 367, 371, 373).

On the first point, the ALJ could reasonably discount the severity of plaintiff's limitations based on Ms. Miller's contemporaneous observations of greater strength and mobility than would be consistent with a sedentary limitation. *See Valentine*, 574 F.3d at 692–93. On the second point, the Court previously determined that the ALJ had cited clear and convincing reasons for discounting plaintiff's symptom testimony, including his minimal treatment over the relevant period, his drug-seeking and secondary-gain behavior, and lack of corroborating medical evidence of pain severity. Tr. 1815–18. The ALJ could therefore discount Ms. Miller's opinion based in part on plaintiff's properly discounted symptom testimony. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

The Court finds that the ALJ did not harmfully err as a matter of fact or law in discounting Ms. Miller's October 2007 and April 2008 opinions.

### 3. Mary Ellen Biggerstaff, A.R.N.P.

The Court directed the ALJ to reevaluate Ms. Biggerstaff's April 15, 2010 opinion that plaintiff was limited to sedentary work because it was harmful error to have concluded that a sedentary restriction was inconsistent with plaintiff's ability to move his neck, bend at the waist,

and move his upper extremities.[3] Tr. 1830–31. Plaintiff argues that on remand the ALJ failed to cite germane reasons for giving little weight to Ms. Biggerstaff's April 2010 opinion. The Court disagrees.

The ALJ gave little weight to Ms. Biggerstaff's April 2010 opinion for three germane reasons: (1) the sedentary restriction was internally inconsistent with her own examination observations; (2) it was undermined in-part by plaintiff's unreliability as an accurate historian and his narcotic-seeking behavior; and (3) it was inconsistent with medical evidence showing full strength and normal sensation. Tr. 1679. First, the ALJ acknowledged that Ms. Biggerstaff's examination results showed some limits in range of motion of the left shoulder, neck, and back, some loss of balance when lifting his left lower extremity, and back pain with hip abduction and lifting the left lower extremity. *Id.* (citing Tr. 653). The ALJ found, however, that those findings did not appear to be commensurate with Ms. Biggerstaff's opinion of severe limitations. Tr. 1679. Second, as with regards to Ms. Miller's opinion, the ALJ found that the severity of the limitations found by Ms. Biggerstaff appeared to be based heavily on plaintiff's unreliable statements about his symptoms. Third, the ALJ found that plaintiff's statements about pain, as well as numbness and tingling, were at odds with the medical examinations that showed plaintiff to have full strength and normal sensation. Tr. 1679 (citing Tr. 373, 427).

The Court finds that the ALJ did not harmfully err as a matter of fact or law in discounting Ms. Biggerstaff's April 2010 opinion.

---

[3] The Court found that the ALJ had not harmfully erred by discounting Ms. Biggerstaff's opined postural limitations. Tr. 1830–31.

### 4. Melinda Atkins-Hartwell

The Court directed the ALJ to reevaluate the lay testimony of plaintiff's ex-wife Ms. Atkins-Hartwell that plaintiff had difficulty standing and sitting, needed to lie down to relieve pain, and he could not stretch.[4] Tr. 1835. While acknowledging Ms. Atkins-Hartwell's testimony by restating it in detail, the ALJ erred and violated the scope of remand by declining to evaluate these limitations with any specificity. Tr. 1676. Nonetheless, the Court finds the ALJ's clear error was harmless because to the extent her testimony was accepted the limitations appeared in the RFC assessment and to the extent it was rejected the limitations were discounted as contradicted by the medical evidence or for the same reasons as plaintiff's testimony.

The ALJ discounted Ms. Atkins-Hartwell's statements regarding plaintiff's limitations and abilities as inconsistent with or unsupported by the medical evidence because: (1) although she indicated she purchased a transport chair for him, the evidence showed that plaintiff maintained a normal gait; (2) even when plaintiff alleged increased weakness and stumbling, he maintained a normal gait; (3) there was no medical evidence to support plaintiff having problems dropping things in light of plaintiff's full strength in his upper extremities; and (4) the degree of mental restrictions were not consistent with the evidence of declining mental-health treatment, including medication, and intact mental status exams. Tr. 1676. Although the ALJ's citation to plaintiff's normal gait and full strength in his upper extremities is related to the Court's directive to "reevaluate Ms. Atkins-Hartwell's testimony that [plaintiff] had difficulty standing and sitting, needed to lie down to relieve pain, and he could not stretch," Tr. 1835, this analysis fell short

---

[4] The ALJ had not specifically addressed Ms. Atkins-Hartwell's testimony that plaintiff had difficulty standing and sitting and needed to lie down to relieve pain. Tr. 1834. The Court found that the ALJ could not reject testimony about plaintiff's inability to stretch solely based on 5/5 motor strength. Tr. 1835. The Court affirmed the ALJ's reasons for giving only some weight to Ms. Atkins-Hartwell's testimony about all other limitations. Tr. 1833–35.

with respect to specificity and analysis. In fact, the Court noted that the ALJ had earlier failed to explain the inconsistency between testimony that plaintiff could not stretch and evidence that he retained 5/5 motor strength. *Id.* The Court finds, however, that the ALJ's clear error in declining to follow the scope of remand is rendered harmless by the ALJ's RFC assessment and evaluation of the medical evidence and plaintiff's testimony.

First, with respect to Ms. Atkins-Hartwell's testimony that plaintiff had difficulty standing and sitting, the ALJ incorporated that limitation in the RFC by requiring "a sit/stand alternative, defined as the ability to change position after 30 to 60 minutes, for 3 to 5 minutes, while remaining on task." Tr. 1669. That is, the ALJ accepted Ms. Atkins-Hartwell's statements about plaintiff's difficulty in standing and sitting to the extent they were consistent with the accepted portions of plaintiff's testimony. Tr. 1670–71; *see, e.g.*, Tr. 1814 (noting plaintiff's testimony that he could stand for up to 45 minutes). Second, with respect to Ms. Atkins-Hartwell's testimony that plaintiff needed to lie down to relieve pain, the Court has earlier affirmed the rejection of plaintiff's testimony about the severity of his pain due to his minimal treatment for several years during the relevant period, due to drug-seeking and secondary-gain behavior, and due to lack of corroborating objective evidence. Tr. 1815–18. Nothing in Ms. Atkins-Hartwell's statements suggests that her testimony about plaintiff's pain should be given more weight than plaintiff's properly discounted statements about pain. Third, with respect to Ms. Hartwell's testimony that plaintiff could not stretch, her testimony is incorporated in the RFC to the extent it is not contradicted by the medical evidence. Ms. Atkins-Hartwell testified that plaintiff cannot "even stretch to reach things for me." Tr. 651. In making this broad statement, Ms. Atkins-Hartwell did not distinguish between reaching with the right or left upper extremity. The ALJ noted that months prior to the alleged onset date in 2007 plaintiff attended

physical therapy for right-elbow epicondylitis and, at that time, there was moderate tenderness but full range of motion and only a mild reduction in strength. Tr. 1673 (citing Tr. 304, 349–50). Nonetheless, plaintiff showed no additional treatment or clinical signs of right elbow pain from that point forward. Tr. 1673. The ALJ therefore did not include any right, upper extremity limitations in the RFC and plaintiff has not challenged that determination. The RFC did, however, account for plaintiff's left-shoulder impingement by limiting him to no overhead reaching with his left, upper extremity. Tr. 1669. The Court infers that the ALJ reasonably evaluated the evidence and determined that plaintiff had no severe limitations with respect to his right, upper extremity but implicitly accounted for Ms. Atkins-Hartwell's statement that plaintiff could not "stretch to reach things" by including in the RFC a complete restriction on reaching overhead with his left, upper extremity.

The Court finds that the ALJ committed clear error by declining to reevaluate Ms. Atkins-Hartwell's testimony that plaintiff had difficulty standing and sitting, needed to lie down to relieve pain, and he could not stretch. This error was, however, harmless. The Court therefore affirms the ALJ's decision to discount Ms. Atkins-Hartwell's testimony.

### 5. Residual Functional Capacity and Step-Five Evaluation

Because the Court finds that the ALJ's reevaluation of the medical and lay testimony was supported by substantial evidence and was free from harmful error, the Court rejects plaintiff's argument that the RFC assessment based on those determinations was erroneous and the step-five evaluation was flawed. *See Bayliss*, 427 F.3d at 1217–18 (holding that an ALJ may rely on vocational expert testimony when the vocational hypothetical contains all of the limitations found to be credible and supported).

# CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 31st day of January, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge